UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CR-60197-SMITH

UNITED STATES OF AMERICA

v.

ROBERTO JESUS VALDES,

      Defendant.
_____/

### PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and ROBERTO JESUS VALDES ("Defendant") enter into the following agreement:

1.    *Guilty Plea.* The Defendant agrees to plead guilty to the Indictment, which charges the Defendant with Forcibly Assaulting Certain Officers or Employes in violation of 18 U.S.C. § 111(a)(1) and (b).

2.    *Sentencing Guidelines.* The Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines but is not bound to impose a sentence within that advisory range; the

1

Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

3. *Information Provided to USPO.* This Office reserves the right to inform the Court and the United States Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

4. *Penalties.* The Defendant understands and acknowledges that the following statutory penalties apply to sole count charged in the Information:

    a. *Imprisonment.* Pursuant to 18 U.S.C. § 111(b) the Court may impose a term of imprisonment of up to twenty (20) years.

    b. *Supervised Release.* Pursuant to 18 U.S.C. § 3583(b), following any term of imprisonment, the Court may impose a term of supervised release up to three (3) years.

    c. *Fines.* In addition, the Court may impose a fine of up to $250,000 on the Defendant.

    d. *Restitution.* The Defendant further understands, acknowledges, and agrees that mandatory restitution may be ordered in this case. Pursuant to 18 U.S.C. § 3663(a)(3), 18 U.S.C. § 3663A(c)(1)(A)(i), and 18 U.S.C. § 3664, the Defendant agrees to make full restitution to all victims of his offenses as to all counts charged in the Indcitment, whether or not the

Defendant enters a plea of guilty to such counts and whether or not such counts are dismissed pursuant to this agreement. Further, the Defendant agrees to pay restitution to any of his victims, for the entire scope of his criminal conduct, including but not limited to all matters included as relevant conduct.

Once the victim's losses are calculated, the Court shall order restitution in an amount that reflects the Defendant's relative role in the causal process that underlies the victim's losses. The Defendant agrees and understands that any payment schedule imposed by the Court is without prejudice to the United States to take all actions and take all remedies available to it to collect the full amount of the restitution. Further, pursuant to 18 U.S.C. § 3664(d)(5), the Defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

      e.    *Special Assessments.* In addition, the Defendant also understands and acknowledges that, pursuant to Title 18, United States Code, Section 3013, a special assessment of $100 will be imposed on the Defendant as to each count of conviction. If the Defendant is indigent, or otherwise financially unable to pay this special assessment amount, the Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reason for the Defendant's failure to pay.

      5.    *Early Acceptance of Responsibility.* This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the Defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the Defendant has assisted authorities in the investigation or

prosecution of the Defendant's own misconduct by timely notifying authorities of the Defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion and recommendation if the Defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

6. *Victim Impact Statement.* The Defendant agrees that the victim in this case has the legal right to be reasonably heard at any public proceeding and agrees not to object to the victim's oral or written impact statements at these proceedings.

7. *Guideline Calculations.* This Office and the Defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following finding and conclusion as to the sentence to be imposed:

   a. Special Offense Characteristics:

      i. That the Defendant should receive a four-level increase because a dangerous was used under Section 2A2.2(b)(2).

      ii. That the Defendant should receive a three-level increase because the victim sustained a bodily injury under Section 2A2.2(b)(3)(A).

      iii. That the Defendant should receive a two-level increase because the Defendant will be convicted under 11 U.S.C. § 111(b) under Section 2A2.2(b)(7).

4

8. *Sentence will be determined by the Court.* The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The Defendant further understands and acknowledges that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The Defendant understands and acknowledges, as previously acknowledged in this agreement, that the Defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, the government, or a recommendation made jointly by both the Defendant and the government.

9. *Departure or Variance from the Sentencing Guidelines.* The Defendant is aware and understands that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the Defendant may ***not*** withdraw the guilty plea solely as a result of the sentence imposed.

10. *Appeal Waiver.* The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C.

§ 3742 afford the Defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the Defendant hereby waives all rights conferred by §§ 1291 and 3742 to appeal any sentence imposed, including any assessment, forfeiture, or restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure or an upward variance from the advisory guidelines range that the Court establishes at sentencing. The Defendant further understands that nothing in this agreement shall affect the government's right or duty to appeal as set forth in 18 U.S.C. § 3742(b) and 28 U.S.C. § 1291. However, if the United States appeals the Defendant's sentence pursuant to §§ 3742(b) and 1291, the Defendant shall be released from the above waiver of his right to appeal his sentence.

11. The Defendant further hereby waives all rights conferred by 28 U.S.C. § 1291 to assert any claim that (1) the statute to which the Defendant is pleading guilty is unconstitutional; or (2) the admitted conduct does not fall within the scope of the statute of conviction.

12. By signing this agreement, the Defendant acknowledges that the Defendant has discussed the appeal waiver set forth in this agreement with the Defendant's attorney. The Defendant further agrees, together with this Office, to request that the Court enter a specific finding that the Defendant's waiver of his right to appeal the sentence imposed in this case and his right to appeal his conviction in the manner described above was knowing and voluntary.

13. *Potential Immigration Consequences.* The Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a natural-born citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which Defendant is pleading guilty. In addition, under certain circumstances, denaturalization may also be a consequence of pleading guilty to a crime.

Removal, denaturalization, and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including the Defendant's attorney or the Court, can predict to a certainty the effect of the Defendant's conviction on the Defendant's immigration status. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any immigration consequences that the Defendant's plea may entail, even if the consequence is the Defendant's denaturalization and automatic removal from the United States.

14. *Scope of the Agreement.* This agreement binds the Defendant and the Southern District of Florida and is pertinent to this case only. The Defendant understands that this agreement does not prohibit prosecution for other crimes outside of this case or crimes in other jurisdictions outside of the Southern District of Florida.

15. *Entire Agreement.* This is the entire agreement and understanding between this Office and the Defendant. There are no other agreements, promises, representations, or understandings.

HAYDEN P. O'BRYNE
UNITED STATES ATTORNEY

Date: 2/5/25    By: _____
FELIPE PLECHAC-DIAZ
ASSISTANT UNITED STATES ATTORNEY

Date: 2/5/25    By: _____
ALLARI DOMINGUEZ
ATTORNEY FOR DEFENDANT

Date: 2/5/25    By: _____
ROBERTO JESUS VALDES
DEFENDANT

7