UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CR-60197-SMITH

UNITED STATES OF AMERICA

v.

ROBERTO JESUS VALDES,

        Defendant.
_____/

## FACTUAL PROFFER

The United States of America and Defendant ROBERTO JESUS VALDES (the "Defendant") and the Defendant's undersigned counsel (collectively, the "Parties"), stipulate to and agree not to contest the following facts and stipulate that such facts, in accordance with Rule 11(b)(3) of the Federal Rules of Criminal Procedure, provide a sufficient factual basis for the plea of guilty to Count 1 of the Indictment, which charges the Defendant with Forcibly Assaulting Certain Officers or Employes in violation of 18 U.S.C. § 111(a)(1) and (b). The Parties agree that had this case proceeded to trial, the United States would have proven the following facts beyond a reasonable doubt:

On the morning of July 9, 2024, the Defendant drove his 2002 Jeep Grand Cherokee, (the "Vehicle"), to the Immigration and Customs Enforcement ("ICE") office located at 2805 SW 145th Ave, Miramar, Florida 33401. The ICE office is a federal controlled facility located in the Southern District of Florida. The Defendant sat in his vehicle and waited until security officials opened the gates to allow entry into the outdoor screening area.

The Defendant exited his vehicle and walked over to Protective Security Officer ("PSO") J.G, a contract employee of the United States and of an agency in a branch of the United States Government designated in 18 U.S.C. § 1114, that is the United States Department of Homeland

Security. On the morning of July 9, 2024, PSO J.G. was performing an official duty. The Defendant told PSO J.G. that he had an appointment with ICE officials. PSO J.G. instructed the Defendant to wait in line with the other visitors, until security begins the screening process.

The Defendant became upset and said he did not have to wait in line. The Defendant walked away and went to the front of the line of visitors waiting to enter. PSO J.G. advised the Defendant he could not skip all the visitors waiting in line, and he needed to go to the back of the line. The Defendant ripped up the papers in his hands threw them on the ground.

A few minutes later PSO J.G. was assisting visitors in the outdoor screening area when he heard car wheels squealing. As PSO J.G. turned in the direction of the speeding Vehicle driven by the Defendant, PSO J.G. was struck by the Vehicle and sent to the ground.

The Defendant did inflict a bodily injury upon PSO J.G. PSO J.G. sustained injures to his shoulder, back, legs and was transported by ambulance to a local hospital for medical treatment.

The foregoing events occurred in Broward County, in the Southern District of Florida.

The United States and the Defendant agree that these facts, which do not include all of the facts known to the United States and the Defendant, are sufficient to prove the guilt of the Defendant as to the crime of forcibly assaulting certain officers or employes in violation of 18 U.S.C. § 111(a)(1) and (b) as alleged in the Indictment.

HAYDEN P. O'BRYNE
UNITED STATES ATTORNEY

Date: 2/5/25    By: _____
FELIPE PLECHAC-DIAZ
ASSISTANT UNITED STATES ATTORNEY

Date: 2/5/25    By: _____
ALLARI DOMINGUEZ
ATTORNEY FOR DEFENDANT

Date: 2/5/25    By: _____
ROBERTO JESUS VALDES
DEFENDANT

3